RECEIVED
IN LAKE CHARLES, LA

JUL 2 1 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| MARLON JAMES BANKS | CIVIL ACTION NO. 09-577<br>SECTION P |
| VS. | JUDGE MINALDI |
| DON DIXON, ET AL. | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is Marlon James Banks *pro se* civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on April 2, 2009. Banks is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC). He is incarcerated at the Calcasieu Correctional Center, Lake Charles, Louisiana. Plaintiff names Don Dixon, Arnold Bellow, Richard Harrell, John Doe, and Judge Mike Canady as his defendants. He seeks compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### STATEMENT OF THE CASE

On October 26, 2006, plaintiff was arrested and charged with distribution of crack cocaine. Plaintiff states that the arrest was "spear-headed" by defendant Bellow, who is a Sergeant with the Lake Charles City Police. Plaintiff further states that upon his incarceration for the crack cocaine charges, his house was searched without a valid waiver by him. He also

contends that his name was not on any of the papers received by the Lake Charles Assistant District Attorney. The criminal case involving the crack cocaine is currently pending.

Plaintiff further contends that defendant Bellow used his influence with the Lake Charles Police Department to have him re-arrested on May 25, 2008 for his alleged participation in a string of armed robberies. In regard to these charges, plaintiff states that his identification in a photo line-up was a case of mistaken identity.

Plaintiff claims that both of the above arrests were unlawful and resulted in false imprisonment and malicious prosecution.

## LAW AND ANALYSIS

### I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### II. 42 U.S.C. §1983

2

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

Based upon plaintiff's pleadings, the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his Complaint should therefore be dismissed with prejudice.

## III. October 2006 Arrest – Statute of Limitations

"Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" pursuant to 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). The applicable statute of limitation in a § 1983 action is the forum state's personal injury limitations period. *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998). Therefore, the court applies Louisiana Civil Code, article 3492, which carries a limitations period of one year. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). While the period of limitations is provided by state

3

law, federal law governs the determination of when a § 1983 action accrues. *Jacobsen*, 133 F.3d at 319. Under federal law, a § 1983 action accrues when plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987).

In *Wallace v. Kato*, 549 U.S. 384, 388-89, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007), the Court stated:

> False arrest and false imprisonment overlap; the former is a species of the latter. . . . We shall thus refer to the two torts together as false imprisonment . . . . The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process . . . and the allegations before us arise from respondents' detention of petitioner without legal process . . . . They did not have a warrant for his arrest. . . . Thus, to determine the beginning of the limitations period in this case, we must determine when petitioner's false imprisonment came to an end.

The Court continued:

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process-when, for example, he is bound over by a magistrate or arraigned on charges. . . . If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more.

*Id.* at 390, 127 S. Ct. at 1096, 166 L. Ed. 2d 973.

The court then held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process. Since in the present case this occurred . . . more than two years before the complaint was filed, the suit was out of time." *Id.* at 397, 127 S. Ct. at 1100, 166 L. Ed. 2d 973. This position has been adopted by the Fifth Circuit in *Mapes v. Bishop*, 541 F.3d 582 (5th Cir. 2008).

4

The above analysis is on point and completely applicable to the present case. Plaintiff was originally detained in 2006, posted a $25,000.00 bond, and was apparently released. Plaintiff states that the criminal matter is pending and has been going on for more than two years. Thus, it is clear that plaintiff was detained pursuant to legal process within a relatively short period of time after his October 2006 arrest and that his suit on those charges is untimely.

## IV. May 2008 Arrest and Plaintiff's Claim for False Imprisonment--- Effect of Valid Warrant

Plaintiff alleges that he was arrested in May 2008 pursuant to a warrant issued by Judge Mike Canaday. Doc. 1, at 10. Plaintiff concedes the judge established probable cause and the warrant's "validity to be so just, and genuine, to warrant arrest of plaintiff." *Id.*

Where an arrest if effected pursuant to a concededly valid warrant, the Fourth Amendment is satisfied so that a § 1983 claim for false arrest is foreclosed. *Baker v. McCollan*, 443 U.S. 137, 143-45, 99 S. Ct. 2689, 2694-95, 61 L. Ed. 2d 433 (1979). "Where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest. Such an arrest is not unconstitutional, and a complaint based on such an arrest is subject to dismissal for failure to state a claim." *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982) (citing *Rodriguez v. Ritchey*, 556 F.2d 1185 (5th Cir. 1977)).

In *Wallace v. Kato*, 549 U.S. 384, 388-89, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007), the Supreme Court noted that the torts of false arrest and false imprisonment overlap— that the former is merely a species of the latter because every confinement is an imprisonment. In that case, "the allegations [arose] from respondents' detention of petitioner *without legal process* .... They did not have a warrant for his arrest." *Id.* Plaintiff's false imprisonment ended when he was held pursuant to legal process. *Id.*

5

Because plaintiff does not challenge the validity of the warrant, his claims for false arrest and false imprisonment are subject to dismissal for failure to state a claim as plaintiff concedes he was held pursuant to legal process. *Wallace*, 549 U.S. at 388-89, 127 S. Ct. at 1095, 166 L. Ed. 2d 973; *Baker*, 443 U.S. at 143-45, 99 S. Ct. at 2694-95, 61 L. Ed. 2d 433; *Smith*, 670 F.2d at 526.

## V. Malicious Prosecution-- *Heck v. Humphrey* Considerations

Plaintiff's final claim is one for malicious prosecution. This claim is based on his May 2008 arrest. Such a claim will not accrue before the setting aside of plaintiff's criminal conviction. *Wallace*, 549 U.S. at 394, 127 S. Ct. at 1098, 166 L. Ed. 2d 973. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), plaintiff the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254.

Plaintiff notes that the charges against him arising from his May 2008 arrest remain pending. Until plaintiff has satisfied the *Heck* requirements, he may not raise his malicious prosecution claim and that claim must now be dismissed as being premature.

## CONCLUSION

In accordance with the foregoing, **IT IS RECOMMENDED** that plaintiff's claims regarding his October 2006 arrest be **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER RECOMMENDED** that plaintiff's claims for false arrest and false imprisonment stemming from his May 2008 arrest be **DISMISSED WITH PREJUDICE** for failure to state a claim on which relief can be granted.

**IT IS FINALLY RECOMMENDED** that plaintiff's claim for malicious prosecution **BE DISMISSED WITHOUT PREJUDICE** as being premature the conditions of *Heck* having not yet been met.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers in Lake Charles, Louisiana, this 21st day of July, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE